UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

EEON,

                          Plaintiff,

    -against-

THE FEDERAL RESERVE BOARD,
THE FEDERAL RESERVE, DOE #1-20,000,

                       Defendants.

----------------------------------------X

17 Civ. 6611

<u>SEALED</u>
<u>OPINION</u>

A P P E A R A N C E S:

      <u>Pro Se</u>

      Eeon
      18429 East Veterans Memorial Drive #1874
      Bonney Lake, Washington D.C., ZIP Code exempt

**Sweet, D.J.**

      *Pro se* plaintiff Eeon ("Eeon" or the "Plaintiff") has brought this *qui tam* action on behalf of Defrauded Homeowners of America ("DHOA"), Trust Interest Holders ("TIH"), and the United States (the "United States") against Defendants the Federal Reserve Board (the "Federal Reserve Board"), the Federal Reserve (the "Federal Reserve"), and Does 1-20,000 ("Does") (collectively, the "Defendants"), alleging, *inter alia*, violations of the False Claims Act (the "FCA"), 31 U.S.C. § 3729.

      The Plaintiff filed this action under seal on August 30, 2017. Plaintiff at no point served the Government in accordance with the procedural requirements set out in 31 U.S.C. § 3730(b)(2). Based on the facts and conclusions set forth below, this action is *sua sponte* dismissed with prejudice.

      Pursuant to 31 U.S.C. § 3730(b)(1), a private person may bring a civil [*qui tam*] action on behalf of the Government. Section 3730(b)(2) provides that, in bringing such an action,

> A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4[i] of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court

so orders. The Government may elect to intervene and
proceed with the action within 60 days after it
receives both the complaint and the material evidence
and information.

31 U.S.C. § 3730(b)(2). Further, Rule 4(i) provides, in relevant

part,

> (1) *United States*. To serve the United States, a
> party must:
>
> (A)(i) deliver a copy of the summons and of the
> complaint to the United States attorney for the
> district where the action is brought—or to an
> assistant United States attorney or clerical
> employee whom the United States attorney
> designates in a writing filed with the court
> clerk—or
>
> > (ii) send a copy of each by registered or
> > certified mail to the civil-process clerk at
> > the United States attorney's office;
>
> (B) send a copy of each by registered or
> certified mail to the Attorney General of the
> United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a
> nonparty agency or officer of the United States,
> send a copy of each by registered or certified
> mail to the agency or officer.
>
> (2) *Agency; Corporation; Officer or Employee Sued in
> an Official Capacity.* To serve a United States agency
> or corporation, or a United States officer or employee
> sued only in an official capacity, a party must serve
> the United States and also send a copy of the summons
> and of the complaint by registered or certified mail
> to the agency, corporation, officer, or employee.

Fed. R. Civ. P. Rule 4(i)(2).

The Plaintiff has not served the Government with the complaint or any other information pertaining to the present claims.

Case law in this Circuit establishes that adherence to the statutory filing requirements is crucial. Indeed, the failure to follow these rules "incurably frustrate[s] the statutory purposes underlying these requirements," and warrants dismissal with prejudice. *See U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 999 (2d Cir. 1995) (dismissing action with prejudice for failure to file under seal and to serve the Government); *see also Erickson ex rel. U.S. v. American Institute of Biological Sciences*, 716 F. Supp. 908, 911 (E.D.Va. 1989) ("[A] party pursuing a statutory remedy must comply with all the procedures the statute mandates").

Congress created the filing requirements "to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." *Pilon*, 60 F.3d at 998-99 (internal quotation marks omitted) (citing S.Rep. No. 345, 99th Cong., 2d Sess. 23-24, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5288-89). Another

4

congressional objective was "to prevent defendants from having to answer complaints without knowing whether the government or relators would pursue the litigation." *Id.* at 999.

Accordingly, *qui tam* actions must be dismissed with prejudice where the party bringing the claim has not adhered to the statutory filing requirements. *See Pilon*, 60 F.3d at 1000 (finding that it was an abuse of discretion for the lower court to dismiss the *qui tam* claims without prejudice); *U.S. ex rel. Le Blanc v. ITT Industries, Inc.*, 492 F. Supp. 2d 303, 304 (S.D.N.Y. 2007) (failure to file *qui tam* complaint under seal required dismissal with prejudice as to the plaintiff). While much of the case law addresses the scenario in which the relator either fails to file under seal, or fails both to file under seal and to serve the Government, the crucial question is whether the party bringing the claim has betrayed the policy considerations underlying the requirements.

In this case, the Plaintiff's failure to serve the Government means that the Government has not been afforded "an adequate opportunity to fully evaluate the private enforcement suit" and to decide whether "to intervene and take over the civil action." *See Pilon*, 60 F.3d at 998-99. Accordingly, dismissal with prejudice is appropriate.

Furthermore, a *pro se* plaintiff may not bring a *qui tam* action under the FCA. *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 90 (2008). A *qui tam* action is brought "on behalf of and in the name of the government" while the "government remains the real party in interest." *Papadopoulos v. U.S. Government*, No. 15 Civ. 2836 (BMC), 2015 WL 3605405, at *3 (E.D.N.Y. June 8, 2015). Because *pro se* litigants "can only act on their own behalf and not for the benefit of any other party of interest . . . a *qui tam* relator cannot proceed *pro se*." *Id.* (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

A district court "has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter." *Papadopoulos*, 2015 WL 3605405, at *4. Because a *pro se* plaintiff cannot proceed as a relator in a *qui tam* case, this Court *sua sponte* dismisses this action. *See id.; see also U.S. ex rel. Rafael Manual Pantoja v. Citigroup, Inc.*, No. 12 Civ. 4964, 2013 WL 444030 (E.D.N.Y. Feb. 5, 2013) (dismissing *qui tam* action *sua sponte* where *pro se* plaintiff served as the relator).

For the foregoing reasons, Plaintiff's complaint is dismissed with prejudice.

It is so ordered.

New York, NY
October 26, 2017

ROBERT W. SWEET
U.S.D.J.