```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
EEON,

                        Plaintiff,            17 Civ. 6611

     -against-
                                               SEALED
                                               OPINION
THE FEDERAL RESERVE BOARD,
THE FEDERAL RESERVE, DOES #1-20,000,

                        Defendants.
------------------------------------------X
```

A P P E A R A N C E S:

Pro Se Plaintiff

Eeon
18429 East Veterans Memorial Drive #1874
Bonney Lake, Washington 98391

**Sweet, D.J.**

*Pro se* plaintiff Eeon ("Eeon" or the "Plaintiff") has moved for reconsideration of this Court's October 26, 2017 Opinion (the "October 26 Opinion") dismissing the Plaintiff's *qui tam* action with prejudice. Based on the facts and conclusions set forth below, the Plaintiff's motion for reconsideration is denied.

I.   **Facts & Prior Proceedings**

The facts underlying this action were previously set forth in the October 26 Opinion by this Court, knowledge of which is assumed. *See Defrauded Homeowners of America, et al., v. Federal Reserve, et al.*, No. 17 Civ. 6611 (RWS) (Oct. 26, 2017). Certain facts are repeated as relevant to the instant motion.

*Pro se* Plaintiff commenced this *qui tam* action on August 20, 2017 on behalf of Defrauded Homeowners of America ("DHOA") against the Federal Reserve Board (the "Federal Reserve Board"), the Federal Reserve (the "Federal Reserve"), and Does 1-20,000 ("Does") (collectively, the "Defendants"), alleging, *inter alia*, violations of the False Claims Act (the "FCA"), 31

2

U.S.C. § 3729. Plaintiff filed the action under seal, but did not serve the complaint (the "Complaint") or any other documents related to the action on the United States Government (the "Government").

On October 26, 2017, this action was dismissed *sua sponte* both because the Plaintiff failed to properly serve the Government, as required by 31 U.S.C. § 3730(b)(2)[1], and because an unrepresented plaintiff such as Eeon is not permitted to proceed as a relator on behalf of the Government in a *qui tam* action.

On December 12, 2017, Plaintiff filed the present motion for reconsideration of this Court's October 26 Opinion, which was marked fully submitted on January 24, 2018.[2]

---

[1] Section 3730(b)(2) provides, in relevant part, that:
A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4[i] of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders.
31 U.S.C. § 3730(b)(2).

[2] The United States Attorney's Office for the Southern District of New York representing the United States of America, although not a party to this action, submitted a statement of interest representing the true party-in-interest in this and all *qui tam* action. *See Papadopoulos v. U.S. Government*, No. 15 Civ. 2836 (BMC), 2015 WL 3605405, at *3 (E.D.N.Y. June 8, 2015).

## II. The Applicable Standard

Under Local Rule 6.3, a party moving for reconsideration "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Eisenmann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quotation marks and citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks and citation omitted).

The standard for granting such a motion is "strict" and should only be done when the movant "can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Such motions are not vehicles for taking a second bite at the apple," *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (internal quotation marks and citation omitted), and "should not be granted where the moving

4

party seeks solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257.

### III. **Plaintiff's Motion for Reconsideration is Denied**

In his motion for reconsideration, Plaintiff contends that this Court improperly characterized the law in holding that a *pro se* litigant is prohibited from bringing a *qui tam* action. Plaintiff also argues that this Court maintained an incorrect understanding of the facts in finding that the Plaintiff failed to serve the Government pursuant to 31 U.S.C. § 3730(b)(2). However, the Plaintiff has provided the Court with no new controlling law or relevant factual evidence, so Plaintiff's motion is denied.

Plaintiff contends that the False Claims Act "in and of itself recognize[s] the provision of a private-attorney-general-in-fact." Pl.'s Br. ¶ 7. However, as discussed in detail in the October 26 Opinion, a *pro se* plaintiff may not bring a *qui tam* action because *pro se* litigants "can only act on their own behalf and not for the benefit of any other party of interest," such as the Government. *See Papadopoulos*, 2015 WL 3605405, at *3 (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *see also Papadopoulos*, 2015 WL 3605405, at *3

5

(noting that "the government remains the real party in interest" in a *qui tam* action). Moreover, *qui tam* actions must be dismissed with prejudice where the party bringing the claim has not adhered to the statutory filing requirements. *See U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 999 (2d Cir. 1995) (holding that plaintiff's failure to abide by statutory filing requirements in bringing a *qui tam* action warranted dismissal with prejudice). Plaintiff fails to direct the Court's attention to any controlling decisions that might reasonably lead to a different outcome. Therefore, because a district court "has the inherent power to dismiss a case, *sua sponte*, if it determines that . . . the court lacks jurisdiction over the matter," dismissal was and remains proper on this ground alone. *See Papadopoulos*, 2015 WL 3605405, at *4.

Plaintiff also asserts that he served the Complaint upon the Office of the Attorney General ("Attorney General"), and offers as proof a copy of an Affidavit of Service (the "Affidavit") demonstrating service upon the United States District Court for the Southern District of New York located at 500 Pearl Street, New York, New York 10007. The Attorney General is not located at this address and therefore was not served as the Plaintiff suggests. Moreover, the Affidavit is dated November 14, 2017, approximately three months after the

6

Plaintiff's filing of the Complaint with this Court, and one month after this action's dismissal by the October 26 Opinion. To initiate a *qui tam* suit, the relator must serve a copy of the complaint and a "written disclosure of substantially all material evidence and information" possessed by the relator on both the Attorney General and the United States Attorney pursuant to Federal Rule of Civil Procedure 4. *See* 31 U.S.C. § 3730(b)(2). Based upon the facts of which the Court is aware, to this date, neither the Attorney General nor the United States Attorney has been served with any pleadings, or any documents related to this matter. As such, because the Plaintiff cannot "point to controlling decisions or data that the court overlooked," *Shrader*, 70 F.3d at 257, Plaintiff's motion is denied.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion is denied and this action is dismissed with prejudice.

It is so ordered.

New York, NY
March 6, 2018

_____
ROBERT W. SWEET
U.S.D.J.